### MARCIA A. HATCH et al. vs. FREDERICK M. ROSE.

### York.    Opinion October 6, 1910.

*Trespass.    Lawful Entry.    Evidence.*

1.  To sustain an action of trespass quare clausum the plaintiff must prove that the entry was unlawful when made, or became unlawful by unlawful acts injuring the close after entry.

2.  For any acts after entry to render the original entry unlawful (being otherwise lawful), the entry must have been in invitum, by authority of law, and not by license from the owner.

3.  If one enters upon real estate under an agreement with the owner to make specified improvements or changes in the real estate, the fact that he does not make all the changes agreed upon, or does not make them in the manner specified, does not render the original entry unlawful.

On report.    Judgment for defendant.

Action of trespass quare clausum to recover damages for an alleged breaking and entering the plaintiffs' close on Elm Street in Biddeford.    Plea, the general issue with brief statement as follows:

"And for a brief statement of special defense to be used under and in addition to the general issue above pleaded the defendant further says that at the time of the alleged trespasses declared upon in plaintiffs' writ defendant was duly elected, qualified and acting street commissioner of the district of said city of Biddeford where said land and way described in plaintiffs' writ was located and that the acts charged against defendant in plaintiffs' writ, if any were done by him were done by defendant in said capacity and in the lawful widening, leveling and grading of said way and not otherwise.

"Also that such acts, if any were done, were done by virtue of a license and agreement made by said plaintiffs and Cornelius Horigan in his capacity as mayor of said city of Biddeford prior to the time of said alleged trespasses whereby said defendant was given permission to do any and all of the acts complained of in said writ and which license was unrevoked at the time of said alleged trespasses."

At the conclusion of the evidence the case was reported to the Law Court, "to be decided upon so much of the evidence as is legally admissible."

The case is stated in the opinion.

*Cleaves, Waterhouse & Emery,* for plaintiffs.

*Robert B. Seidel, and Geo. F. & Leroy Haley,* for defendant.

SITTING : EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

EMERY, C. J.　After study of the somewhat indefinite and conflicting evidence we find ourselves believing the following to be the facts in the case :—The plaintiffs were the owners of dwelling houses and lot on the southeasterly side of Elm St. in Biddeford, Mr. Hatch being their agent by whose contracts and stipulations concerning the property they were bound.　The houses were situated a little back from the location line of the street and upon a ledge several feet above the level of the travelled part of the street.　The ledge projected into the street beyond the location line.　Access to the houses was by steps leading from the street at the foot of the ledge up over the ledge to a landing connected with the houses.　There was no sidewalk on that side of the street.

Such being the situation, the city undertook through its officers and agents to make improvements in the street by constructing a concrete sidewalk on that side out to the location line and at the level of the travelled part of the street.　To do this required cutting down to the street level the ledge in front of the plaintiffs' houses, and this would make necessary the building on the plaintiffs' land a retaining wall to take place of the removed ledge as support to the land and houses.　In a conference over the matter between the Mayor of the city and Mr. Hatch the agent of the plaintiffs, substantially the following was agreed to by them :—The city was to construct a concrete sidewalk with curbing at the street level and out to the location line of the street ; do the necessary blasting and excavating in the ledge on the plaintiffs' land for a retaining wall ; build such wall next the street line and after completion fill in behind

the wall to its top, and leave the property in better shape than before. On the other hand the plaintiffs were to pay to the city one-half the expense of the sidewalk and curbing. There were no other specifications agreed on as to the wall or any other part of the work.

Under this stipulation the city entered upon the work. The ledge within the location line of the street was cut down to the street level, the concrete side walk and curbing constructed, the blasting and excavating done, and a retaining wall built on the plaintiffs' land next the street line. The plaintiffs were satisfied with sidewalk and curbing, and it does not appear that the retaining wall is insufficient. The plaintiffs however do complain, and did complain, that the city did not do all it should have done and did some things contrary to their wishes, and they consequently brought this action of trespass quare clausum against the defendant Rose, the street commissioner, for his entry and acts upon their land as above described. They contend, (1) that by reason of the existence for forty years of the houses and steps, the line of the street had become fixed at the outer end of the steps; (2) that the city not having complied with the conditions of the permission given to enter upon their land, forfeited that permission and its street commissioner became a trespasser ab initio.

We have no occasion to consider the first contention since our conclusion as to the second contention disposes of this case. Whatever conditions were imposed by the plaintiffs upon the permission given the city and the defendant to enter upon the land for the purposes named, they were all conditions subsequent. They could not be fulfilled till after the entry. If some of them were not fully performed it does not follow that the defendant's original entry was unlawful. The doctrine of trespass ab initio applies only to entries in invitum, under authority of law. It does not apply to entries by license from the owner. *Hunnewell* v. *Hobart*, 42 Maine, 565; *Dingley* v. *Buffum*, 57 Maine, 379; *Perry* v. *Bailey*, 94 Maine, 50. If the plaintiffs have suffered any legal injury from the acts or omissions of the defendant under the license given him to enter upon their land they have mistaken their remedy. To maintain

this action of trespass quare clausum they were bound to show that the entry and acts of the defendant were without right at and from the time of the entry. This they have failed to do, since the evidence clearly shows a license from them to the city and the defendant to enter in the first instance, and does not show any acts excluded by the license.

*Judgment for the defendant.*